IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1998 SESSION



FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| STATE OF TENNESSEE | ) |
| | )   NO. 02C01-9709-CR-00368 |
|     Appellee, | ) |
| | )   SHELBY COUNTY |
| v. | ) |
| | )   Hon. Joseph B. Dailey, Judge |
| GARY CARR | ) |
| | )   (Attempted Murder) |
|     Appellant. | )   (Attempted Robbery) |
| | ) |

<u>For the Appellant:</u>

Walker Gwinn
Assistant Public Defender
201 Poplar Avenue
Memphis, TN. 38103
(on appeal)

Ronald S. Johnson
Assistant Public Defender
201 Poplar Avenue, 2nd Floor
Memphis, TN. 38103
(at trial)

<u>For the Appellee:</u>

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN. 37243

William L. Gibbons
District Attorney General

David C. Henry
Assistant District Attorney
201 Poplar Avenue, 3rd Floor
Memphis, TN. 38103

OPINION:_____

AFFIRMED IN PART; REVERSED IN PART

WILLIAM M. BARKER, SPECIAL JUDGE

**OPINION**

The appellant, Gary Carr, appeals as of right from the convictions he received in the Criminal Court of Shelby County. After a jury trial, the appellant was convicted of attempted first degree murder and attempted especially aggravated robbery.[1] The trial court sentenced him as a Range I standard offender to twenty four (24) years for the attempted murder and to twenty two (22) years for the attempted robbery. The sentences were ordered to run concurrently to each other for a total effective sentence of twenty four (24) years.

On appeal, the appellant contends that the dual convictions were based upon the same criminal episode in violation of the principles of double jeopardy. He also challenges the sufficiency of the convicting evidence, specifically claiming that the evidence of identity was insufficient to prove that he was the shooter.

After a careful review of the record, we conclude that the appellant is entitled to partial relief on evidentiary grounds different from those argued on appeal. The evidence was insufficient as a matter of law to sustain the conviction of attempted especially aggravated robbery. We, therefore, reverse that conviction and affirm the remaining conviction of attempted first degree murder and the sentence of twenty four (24) years.

**BACKGROUND**

On November 16, 1995, a man, later identified as the appellant, entered a Parkway Food Mart in Shelby County. The appellant approached the store's cash register where the victim, Khaled Ateyyat, was working. After the two men exchanged greetings, the appellant brandished a pistol and began cursing at the victim. The victim turned away and was shot in the back by the appellant. The victim fell to the

---

[1]The appellant was originally indicted on three counts: (1) attempted first degree premeditated murder; (2) attempted felony murder; and (3) attempted especially aggravated robbery. The State dismissed the charge of attempted felony murder before the case was submitted to the jury.

2

floor and pushed the store security alarm. The appellant fired five additional shots at the victim, striking him with two bullets while he was on the floor.[2]

The appellant left the store when his pistol ran out of ammunition. The victim thereafter climbed to his feet and managed to retrieve a gun from behind the store counter. As the victim approached the front door, he observed the appellant reenter the store. The victim immediately dropped to his knees and fired two shots in the direction of the appellant. The appellant then fled, without injury, from the store.

Officer Bridgett White of the Memphis Police Department testified at trial that she responded to the emergency call and found the victim lying on the floor. Both the victim and a fellow employee, Roger Linwood, told Officer White that the culprit was a regular customer who had been in the store a few hours before the shooting. Mr. Linwood testified that he was working in the back of the store when the shooting occurred. He stated that he observed the appellant enter the front door and approach the cash register. When shots were fired, Mr. Linwood got down on the floor and looked towards the register. He testified that he witnessed the incident, but remained in the back of the store until the victim yelled for assistance.

Three days after the shooting, both the victim and Mr. Linwood were shown a photographic lineup consisting of six pictures. Outside the presence of each other, they viewed the photographs and each positively identified the appellant as the shooter. At trial, the two men again identified the appellant as the shooter.

Based upon the above evidence, the jury convicted appellant of attempted first degree murder and attempted especially aggravated robbery. The appellant challenges those convictions on appeal.

**DISCUSSION**

The appellant first challenges the sufficiency of the convicting evidence. He contends that the evidence of identity was insufficient to prove beyond a reasonable

---

[2]The victim testified that the five shots were fired in the direction of his head. He stated that he moved his head from side to side to avoid being struck by the bullets.

3

doubt that he was the shooter. Although we find that the identification evidence was sufficient in this case, we conclude that there was no evidence that the appellant intended to commit robbery.

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the State to determine whether a rational trier of fact could have found the essential elements of the offenses beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). We do not reweigh the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. Cabbage, 571 S.W.2d at 835. We will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In this case, the record shows that two eyewitnesses, the victim and Mr. Linwood, recognized the shooter as a customer who shopped at the convenient store. Based upon their observations, they positively identified the appellant as the shooter both before trial and during trial. We conclude that the identification was sufficient for a rationale trier of fact to find that the appellant was the shooter. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789; Duncan, 698 S.W.2d at 67.

Upon further review of the record, however, we must address whether the convicting evidence was sufficient as a matter of law to prove that the appellant perpetrated the shooting with intent to commit first degree murder and robbery. We

4

conclude that the evidence supports the conviction of attempted first degree murder, but not the conviction of attempted especially aggravated robbery.

First degree premeditated murder is defined as "[a] premeditated and intentional killing of another." Tenn. Code Ann. § 39-13-202(a)(1) (Supp. 1995). Attempted first degree murder is committed when the accused acts with premeditation and intent to cause the killing of the victim and believes his conduct will cause the killing without further conduct; or with premeditation, the accused acts with intent to cause death under the circumstances surrounding the conduct as he believes them to be, and the conduct constitutes a substantial step toward the commission of the killing. Tenn. Code Ann. § 39-12-101(a)(2), (3) (Supp. 1995).

The evidence in this case shows that the appellant was a regular customer at the convenient store and had been in the store earlier before the shooting. When the appellant entered the store on the evening of November 16, 1995, he approached the victim and without provocation began shooting his pistol at the victim's head. The victim was struck by three bullets at close range, but somehow survived the brutal attack. The appellant continued to shoot at the victim until his pistol was empty. He then exited the store, but returned a few moments later. The record is unclear as to why he reentered the store.[3] Nevertheless, the evidence shows that he fled after the victim attempted to shoot him with a gun found under the store counter.

The above evidence strongly supports the jury's finding that the appellant shot the victim with specific intent to kill, and that his actions constituted a substantial step towards the commission of a killing. Moreover, based upon reasonable inferences drawn from the entire criminal episode, there was evidence for the jury to find that appellant's conduct was premeditated.

---

[3]The State contends that the appellant reentered the store to complete the act of robbery. That argument is speculative at best. There was simply no showing of what the appellant intended to do at that point in the criminal episode.

The State relied upon the same criminal conduct to prove that the appellant attempted to commit especially aggravated robbery. Especially aggravated robbery is robbery[4] accomplished with a deadly weapon where the victim suffers serious bodily injury. Tenn. Code Ann. § 39-13-403(a)(1), (2) (Supp. 1995). Attempted especially aggravated robbery is committed when the accused either intentionally or knowingly acts with intent to cause the robbery and believes that his conduct will cause the robbery without further conduct; or intentionally or knowingly acts with intent to commit the robbery under the circumstances surrounding the conduct as he believes them to be, and the conduct constitutes a substantial step toward the commission of robbery. Tenn. Code Ann. § 39-12-101(a)(2), (3) (Supp. 1995).

The appellant's act of shooting the victim multiple times at close range established the especially aggravated nature of the crime. Moreover, the acts of entering the convenient store and shooting the victim may have constituted a substantial step towards the completion of a robbery. Nevertheless, there was no evidence that the appellant intended to rob the victim or otherwise remove any property from the store. Under Tenn. Code Ann. § 39-12-101(a), the prosecution had the burden of proving beyond a reasonable doubt that the appellant acted with specific intent to commit robbery. As a matter of law, that burden was not satisfied in this case.

Having determined that the conviction of attempted especially aggravated robbery should be reversed, we need not address the alleged double jeopardy violation.

**CONCLUSION**

Based upon the foregoing, the conviction of attempted especially aggravated robbery is reversed. The remaining conviction of attempted first degree murder and the sentence of twenty four (24) years are affirmed.

---

[4]Robbery is defined in Tenn. Code Ann. § 39-13-401 as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear."

_____
WILLIAM M. BARKER, SPECIAL JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
JOE G. RILEY, JUDGE